# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JEREMY J. WOODY,<br><br>  *Plaintiff*,<br><br>v.<br><br>HOMER BRYSON, *et al.*,<br><br>  *Defendants*. | CIVIL ACTION NO.<br><br>5:16-cv-00467-TES-CHW |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Report and Recommendation [Doc. 25] on Defendant's Motion to Dismiss [Doc. 16] and Plaintiff's Motion to Amend [Doc. 22]. The Magistrate Judge recommends that both motions be granted in part and denied in part. Plaintiff filed a timely objection [Doc. 26] to the Magistrate Judge's recommendation that Plaintiff be disallowed from adding the Georgia Department of Corrections as a defendant; therefore, the Court must review this recommendation de novo. 28 U.S.C. § 636(b)(1).

Plaintiff's current lawsuit asserts claims under the First, Eighth, and Fourteenth Amendments, as well as under the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"), and the Rehabilitation Act, 29 U.S.C. § 794(a) ("RA") against several Georgia

Department of Corrections ("GDOC") employees. In his Motion to Amend, Plaintiff seeks to add GDOC as a party. The Magistrate Judge recommends that the Court disallow this amendment because suits against state officials in their official capacities are deemed suits against the state itself, and there is therefore "no need in this context to add the Georgia Department of Corrections (GDOC) as a formal defendant." [Doc. 25 at 14]. In his objection, Plaintiff seems to argue that GDOC is the proper defendant for his ADA and RA claims, rather than its individual employees in their official capacities.

Contrary to Plaintiff's position, the law recognizes no difference between suits against state officials in their official capacities and suits against the state itself. *See, e.g.*, *Miller v. King*, 384 F.3d 1248, 1264 n.16 (11th Cir. 2004), *vacated and superseded on other grounds by* 449 F.3d 1149 (11th Cir. 2006) ("[I]n an official-capacity suit for injunctive relief, the real party in interest is the government entity. Thus, a suit against a state official in his or her official capacity is in effect against a 'public entity' and is authorized by [the ADA]."); *Clifton v. Georgia Merit System*, 478 F. Supp. 2d 1356, 1362 (N.D. Ga. 2007) (finding that the plaintiff's ADA claims against state officials "in their official capacity are indistinguishable from the plaintiff's claims against [Georgia Merit System]."); *Barnes v. Zaccari*, No. 1:08-CV-0077-CAP, 2008 WL 11339923, at *10 (N.D. Ga. Nov. 19, 2008) ("[A] suit against a state official in his or her official capacity is in effect against a 'public entity' and is authorized by [the ADA]."). Accordingly, Plaintiff's suit is effectively against the

Georgia Department of Corrections since it is currently being brought against that entity's employees in their official capacities, and there is no need to add the entity as a defendant.

In light of these findings, the Court agrees with and **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. 25] over Plaintiff's objection and **MAKES IT THE ORDER OF THE COURT**. Therefore, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss [Doc. 16]. The Court also **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Amend [Doc. 22]. Plaintiff may amend his Complaint to only state claims against Defendants Perry and Berry in their official capacities for alleged ADA and RA violations that occurred during Plaintiff's incarceration at Central State Prison. Plaintiff's remaining claims are dismissed. The Court reopens discovery for a period of 90 days from the date of this order.

**SO ORDERED**, this 20th day of June, 2018.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**